CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 16 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 3:14-cr-00025-8 |
| | ) | (Civil Action No. 3:16-cv-80968) |
| | ) | (Civil Action No. 3:16-cv-81220) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| RICHARD J. KOONCE III, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Richard J. Koonce, III, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, arguing that Koonce has not raised any issues entitling him to relief. Koonce has responded, making this matter ripe for consideration. Upon review of the entire record, the court concludes that the government's motion to dismiss must be granted.

I.

On July 23, 2014, a grand jury returned a 25-count indictment against Koonce and multiple codefendants for drug-related criminal conduct. Koonce was charged with conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) ("Count Two"); possession of a mixture or substance containing a detectible amount of cocaine, in violation of 21 U.S.C. § 844(a) ("Count Fifteen"); and possession of a mixture or substance containing a detectible amount of heroin, in violation of 21 U.S.C. § 844(a) ("Count Sixteen").

On December 23, 2014, Koonce pleaded guilty, pursuant to a written plea agreement, to Count Two. In exchange, the government agreed that it would move for dismissal of the remaining counts. The parties stipulated that Koonce would be held responsible for at least 60

kilograms but less than 80 kilograms of marijuana, resulting in a base offense level of 20, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1. (Plea at 1, 3, ECF No. 186.) However, the plea agreement also made clear that "other guideline sections may be applicable." (Id.) Under the plea agreement, Koonce also waived his right to appeal and to collaterally attack his conviction and sentence, except for claims of ineffective assistance of counsel. (Id. at 7-8.) At his guilty plea hearing, Koonce affirmed that he had had an adequate opportunity to read and discuss the indictment and plea agreement with counsel, that he understood the plea agreement, and that he was waiving his rights to appeal and collaterally attack his conviction and sentence, except in very limited circumstances. (Plea Hr'g Tr. at 5, 10, 11-12, ECF No. 330.) In addition, Koonce affirmed that he was "satisfied with [counsel's] services in [his] case." (Id. at 33.) The prosecution summarized the evidence against him: that Koonce obtained heroin from co-conspirators, used some and sold some in order to support his habit. (Id. at 31.) He agreed that the recitation of facts was accurate and that "the government has evidence to support" the count against him. (Id. at 32.) Furthermore, Koonce affirmed that he was guilty. (Id. at 35.) The court accepted Koonce's plea after concluding that he was competent and capable of making an informed plea and that his plea was knowing and voluntary. (Id. at 35-36.)

A Presentence Investigation Report ("PSR") was prepared in anticipation of sentencing. The PSR recommended that Koonce receive a base offense level of 32, rather than the 20 stipulated to in the plea agreement, because he qualified as a career offender. (PSR ¶ 61, ECF No. 271.) The PSR relied on two prior cocaine distribution convictions, one from 1993 and one from 2004, to support the enhancement. (Id. ¶¶ 72, 79.) The PSR recommended a criminal

2

history category of VI, and an advisory guideline range of 151 to 188 months' incarceration. (Id. ¶ 127.)

Defense counsel made numerous objections to the PSR. First, he argued that convictions that were more than 15 years old should not be used to calculate Koonce's criminal history category. (Id. at 27.) Specifically, counsel took issue with a 1993 grand larceny conviction and the 1993 cocaine distribution conviction, which had been used to support the career offender designation. (Id.) The probation officer responded that because Koonce had multiple probation violations that resulted in active periods of incarceration occurring within 15 years of his offense conduct, the convictions counted toward his criminal history under U.S.S.G. §§ 4A1.2(k)(1) and (2). (Id. at 27-28.) Counsel also objected to one criminal history point assigned for a 2004 arrest for possessing cocaine, when this conduct constituted the same "common scheme" or "plan" as that comprising a separate conviction: his 2004 convictions for distribution of cocaine. (Id. at 28.) The probation officer responded that because the offenses occurred on separate dates, were charged in separate charging documents, and resulted in separate arrests and sentences, the counting of both convictions toward Koonce's criminal history score was justified. Defense counsel argued that Koonce deserved a reduction in his base offense level because he played a minor role in the conspiracy. The probation officer disagreed, concluding that no reduction was appropriate because Koonce was an important member of the conspiracy. (Id. at 30 to 31.) Finally, defense counsel objected to Koonce's status as a career offender but the probation officer concluded that it was appropriately applied because of Koonce's prior drug convictions.

The court held a sentencing hearing on June 24, 2015. After reviewing each objection made to the PSR, the court noted that the probation officer "correctly assessed the arguments" and objections and concluded that "the probation officer's responses to the objections are well

3

taken." (Sent. Hr'g Tr. at 7, ECF No. 331.) Accordingly, the court overruled the objections and adopted the PSR. (Id. at 8, 9.) Defense counsel presented evidence in mitigation, including certificates from Koonce's participation in programs in jail and newspaper articles regarding his son. (Id. at 11.) The government requested a reduced sentence of 60 to 90 months from his guideline range of 151 to 188 months, because of Koonce's substantial assistance under U.S.S.G. § 5K1.1 (Id. at 12.) The court sentenced Koonce to 60 months. (Id. at 24.) Koonce did not appeal.

On May 18, 2015, pursuant to Standing Order 2015-5, the court appointed counsel to represent Koonce and provide supplemental briefing, if necessary, in light of the decision of the United States Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015). Subsequently, counsel declined to file additional pleadings and filed a notice of withdrawal from representation. (Notice at 1, ECF No. 318.) On June 10, 2016, Koonce filed a § 2255 motion, 3:16-cv-80968, arguing that he received ineffective assistance because counsel: (1) did not challenge the factual allegations presented by the government, including the drug weight attributed to Koonce; (2) did not provide Koonce with any of the discovery in the case; (3) failed to challenge his criminal history scoring; and (4) failed to object to the government's filing of an enhanced sentence for a felony drug offense, pursuant to 21 U.S.C. § 851. In addition, Koonce argues that the court erred by adopting the PSR, which included an erroneous criminal history calculation, and by sentencing him as a career offender without the requisite predicate offenses and in violation of the Supreme Court's decision in Johnson. He filed a second § 2255 motion, 3:16-cv-81220, alleging that he received ineffective assistance from counsel appointed pursuant to Standing Order 2015-5, to raise any potential Johnson claims.

4

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Koonce bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### A. Ineffective Assistance Claims

Koonce makes numerous ineffective assistance of counsel claims. The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Strickland, 466 U.S. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

5

To satisfy the prejudice prong of Stickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. Id. at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

(1) <u>Challenge to Factual Allegations</u>

Koonce argues that counsel failed to challenge the government's factual evidence. Specifically, he contends that there was no evidence presented, including no audio and video evidence, that he was, in fact, a drug dealer as opposed to a drug user. (§ 2255 Mot. at 7-8 (Grounds 5, 6 & 7), ECF No. 311-2.) This claim lacks merit.

First, Koonce pleaded guilty to conspiracy to distribute heroin. Moreover, at the guilty plea hearing, he affirmed that the government's recitation of its evidence against him, specifically, that he sold drugs, was accurate. Accordingly, he cannot successfully claim, in a § 2255 petition, that counsel should have challenged the government's evidence that he sold drugs. Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

In addition, Koonce claims that counsel should have challenged the PSR, specifically the evidence regarding the drug weight attributed to him. (§ 2255 Mot. at 7, ECF No. 311-2.) However, Koonce stipulated in his plea agreement that he was responsible for the equivalent of

6

60 kilograms to 80 kilograms of marijuana under U.S.S.G. § 2D1.1, which is the amount specified in the PSR. (PSR ¶ 55, ECF No. 271.) Had counsel, at sentencing, challenged the drug weight provision in the PSR and in the plea agreement, the entire plea agreement could have been called into question, resulting in a possible violation that might have allowed the government to seek remedies. Therefore, Koonce cannot establish that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.

(2) Discovery

Next, Koonce claims that counsel never provided him with the opportunity to review the government's discovery "in its entirety." (§ 2255 Mot. at 9 (Ground 8), ECF No. 311-2.) However, he admits that he did review some of the evidence, and an email from his counsel that he has attached to his § 2255 motion confirms this. (Id. at 16, ECF No. 311-2). Koonce does not explain what type of exculpatory evidence he expected to find in the discovery. Instead, he posits "how can Koonce know if his attorney is in fact being effective or attacking the correct facts if he doesn't have all the facts or are [sic] even aware of the facts." § 2255 Mot. at 9, ECF No. 311-2.

General allegations that counsel failed to fully review discovery or provide discovery are insufficient to support a finding of error. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court" (internal quotation marks omitted)); see also Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations that counsel failed adequately to investigate, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing), overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165–66 (1996). Moreover, a defendant may not

7

use discovery to go on a "fishing expedition" in search of evidence to support a vague claim. United States v. Wilson, 901 F.2d 378, 381 (4th Cir. 1990). Accordingly, counsel did not provide ineffective assistance for failing to provide Koonce with all of the discovery in the case. Strickland, 466 U.S. at 687.

(3) Criminal History Scoring

Next, Koonce argues that counsel erred by failing to challenge two 1993 convictions, one for grand larceny and one for cocaine distribution, which were used to calculate his criminal history score. (§ 2255 Mot. at 10 (Ground 9), ECF No. 311-2.) However, counsel did contest these convictions, arguing that they were too remote, and should not count toward computation of his criminal history. (PSR at 27-28, ECF No. 271.) The response in the PSR noted that these convictions should count. (Id.) Although they occurred more than fifteen-years prior to the criminal conduct to which Koonce pleaded guilty, which would normally disqualify them as too remote, he had various probation violations that resulted in prison time which extended into the applicable fifteen-year window.

The court considered defense counsel's objections, but ultimately adopted the reasoning provided by the PSR. Because counsel did, in fact, raise this very issue, and because the court considered it, Koonce cannot establish that counsel's performance was deficient. Strickland, 466 U.S. at 687.

(4) § 851 Information

Finally, Koonce argues that counsel erred by failing to object to the government's filing of an information under 21 U.S.C. § 851. (§ 2255 Mot. at 12 (Ground 11), ECF No. 311-2.) A defendant may be subject to an increased sentence for a drug conviction, if the defendant has prior convictions for felony drug offenses. 21 U.S.C. § 841(b). However, before a defendant

8

may face an increased sentence, the government must file an information with the court stating, in writing, the previous felony drug convictions on which it intends to rely to support the increased sentence. 21 U.S.C. § 851. Koonce's argument is meritless, however, because he was not subject to an increased punishment under § 841(b). Indeed, the government did not file the notice required under § 851. Accordingly, Koonce cannot show that counsel erred. Strickland, 466 U.S. at 687.

## B. Court Error Claims

In addition to his ineffective assistance claims, Koonce raises a number of claims of court error. These claims are also unavailing.

(1) Criminal History Calculation

Koonce argues, in a claim related to his ineffective assistance of counsel claim, that the court erred by incorrectly calculating his criminal history score. (§ 2255 Mot. at 1-4, 7, 11 (Grounds 1, 2, 4, & 10), ECF No. 311-2.) Koonce waived his right to collaterally attack his sentence, and such a waiver is binding: "A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." Lemaster, 403 F.3d at 220. Here, Koonce cannot establish anything other than that his wavier was knowingly and voluntarily made. He signed and initialed every page of his plea agreement, which stipulated that he waived his right to collateral attack his sentence. At his plea colloquy, Koonce affirmed that he understood that that he was giving up his right to collaterally attack his sentence. Accordingly, this claim must be dismissed.

Even if Koonce had not waived his right to attack his sentence, he cannot establish error. Because the court concluded that Koonce was a career offender, his criminal history category was set at VI. U.S.S.G. § 4B1.1(b). As explained below, the court correctly sentenced Koonce

9

as a career offender. Therefore, the calculation of his criminal history score did not affect his sentence and he cannot establish cognizable error.

(2) Career Offender Status

Finally, Koonce argues that the court erred by sentencing him as a career offender. (§ 2255 Mot. at 5-6 (Ground 3), ECF No. 311-2.) This claim, too, has been waived. Lemaster, 403 F.3d at 220. But it is also unavailing on the merits. Two convictions were used to support his career offender status, a 1993 Virginia distribution of cocaine conviction and a 2004 Virginia conviction for distribution of cocaine. (PSR ¶¶ 72, 78, ECF No. 271.) Koonce argues that the 1993 conviction is too remote to count as a predicate offense.

The guidelines provide that a defendant should be classified as a career offender if (1) the defendant was at least 18 years old at the time he committed the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Generally, a defendant's prior felony convictions must have occurred within 15 years of the "defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1). Koonce's involvement in the heroin conspiracy started in February 2014. (PSR ¶ 45, ECF No. 271.) His 1993 conviction occurred more than 15-years prior to 2014.

However, there are exceptions that allow a prior conviction to count as a predicate. A court should "[a]lso count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1). Koonce received a 20-year sentence, with 13 years and 10 months suspended for the 1993 conviction. (PSR ¶ 72, ECF No. 271.) In addition, he was incarcerated during the applicable 15-year period. He received a probation violation on

June 11, 1999, that resulted in a 12-year 9-month sentence, with all but 12 months suspended. (Id. ¶ 72.) Therefore, he served a one-year sentence within 15 years prior to the start of the criminal conduct at issue in this case. In addition, the sentence for his probation revocation exceeded the required one-year one-month sentence because, for counting purposes, a court must add "the original term of imprisonment [in this case 6 years and 2 months] to any term of imprisonment imposed upon revocation." U.S.S.G. § 4A1.2(k)(1). Therefore, Koonce's predicates were properly used to support his career offender status. See United States v. Romary, 246 F.3d 339, 343 (4th Cir. 2001) (concluding that a defendant qualified as a career offender when one of his predicate sentences—a suspended 10-year sentence—came within the 15-year applicable time period because his probation was subsequently revoked and his sentence activated).

Finally, Koonce also argues that his career offender designation is unconstitutional in light of the Supreme Court's decision in Johnson, 135 S. Ct. 2551. Johnson held that a clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague and, therefore, limited the predicate offenses that could be used to classify a defendant as an armed career criminal. Id. at 2563. Koonce argues that an identically worded clause found in the career offender guideline at the time that he was sentenced, U.S.S.G. § 4B1.2(a)(2), is also constitutionally infirm. The Supreme Court has foreclosed this argument. See Beckles v. United States, No. 15-8544, 2017 WL 855781, *11, 2017 U.S. LEXIS 1572, *22 (March 6, 2017) (concluding that because the guidelines are advisory, they are not subject to a due process vagueness challenge). As a result, Koonce cannot establish any error with regard to his career offender status.

11

## III.

Koonce filed a second § 2255 motion, claiming that he received ineffective assistance from counsel appointed as a result of Standing Order 2015-5, to review any potential claim that he might have under Johnson, 135 S. Ct. 2551. The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. 28 U.S.C. § 2255(h). As Koonce has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 208-09. Based upon the court's finding that Koonce has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

## IV.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day.

**ENTER:** This 16th day of March, 2017.

Chief United States District Judge